UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------- X
SAI E ZHUANG,

                            Plaintiff,                        **Case No. 21-CV-6658**

      -against-

LUCKY NAIL SPA INC.,
HAN JIAN JIAN, and RONGGAI YANG,            **COMPLAINT**

                           Defendants.             Jury Trial Demanded
------------------------------------------------------------------- X

Plaintiff SAI E ZHUANG (hereinafter referred to as "Plaintiff"), by and through her undersigned attorney, Ricardo R. Morel, Esq., files this Complaint against Defendants LUCKY NAIL SPA INC., HAN JIAN JIAN and RONGGAI YANG (hereinafter collectively referred to as "Defendants"), jointly and severally, and alleges as follows:

## INTRODUCTION

1. This action is brought by Plaintiff against Defendants for violations of the Fair Labor Standards Act ("FLSA") 29 U.S.C. § 201 *et seq.* and of New York Labor Law ("NYLL"), arising from Defendants' various willful and unlawful employment policies, patterns and practices.

2. Defendants have willfully and intentionally committed violations of the FLSA and NYLL by their failure to pay the Plaintiff statutory minimum wage, overtime compensation for hours worked in excess of forty (40) each workweek, spread-of-hours compensation; failure to provide plaintiff with meal periods; and failure to provide plaintiff with wage notices and to retain employment records as required by law.

3. Plaintiff alleges pursuant to the FLSA and NYLL that she is entitled to recover from the Defendants: (i) compensation for wages paid at less than the statutory **minimum wage**; (ii) unpaid **overtime** wages; (iii) "**spread-of-hours**" compensation as required by NY Labor Law; (iv) **liquidated damages**; (v) statutory damages for defendants' violation of the **Wage Theft Prevention Act**; (vi) prejudgment and post-judgment **interest**; and (vii) reasonable **attorneys' fees and costs.**

4. Plaintiff further alleges pursuant to NYLL § 650 *et seq.* and 12 New York Codes, Rules and Regulations ("NYCRR") § 146 that she is entitled to recover from the Defendants: (1) up to five thousand dollars ($5,000) for Defendants' failure to provide a written **Time of Hire Notice** detailing, *inter alia,* rate or rates of pay and the basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging; the regular pay day designated by the employer; the physical address of employer's main office or principal place of business, and a mailing address if different; the telephone number of the employer. NYLL § 195-1(a); (2) up to five thousand dollars (5,000) for Defendants' failure to provide **paystubs** that accurately and truthfully list employee's hours, along with the employee's name, employer's name, employer's address and telephone number, employee's rate or rates of pay, any deductions made from employee's gross and net wages for each pay day; (3) **liquidated damages** equal to the sum of unpaid minimum wage, and spread-of-hours premium, in the amount of one hundred percent (100%) after April 9, 2011 under NY Wage Theft Prevention Act; (4) 9% simple **prejudgment interest** provided by NYLL; (5) **post-judgment interest**; and (6) reasonable **attorney's fees and costs**.

5. Plaintiff alleges that Defendants willfully failed to record all the time that Plaintiff worked, including time worked in excess of forty (40) hours per week. In fact, Defendants engaged in a scheme to defraud the government with regard to tax reporting.

6. Defendants never provided Plaintiff with wage notices or paystubs truthfully detailing and listing employee's hours along with employer's true name, address and telephone number, employee's rate or rates of pay, any deductions made from employee's wages, any allowances claimed as part of the minimum wage, and the employee's gross and net wages for each pay day, as required by law. In fact, the defendants issued checks to Plaintiff (which she was required to refund in cash to defendants), with incorrect information regarding defendants' name and address. in order to defraud the Internal Revenue Service

7. In order to exploit Plaintiff's labor and to defraud the IRS for their own pecuniary gain, Defendants engaged in a fraudulent scheme of fictitious payments to Plaintiff and filed fictitious documents with the Internal Revenue Service.

## JURISDICTION AND VENUE

8. This Court has original federal question jurisdiction over this controversy under 29 U.S.C. §216(b) and 28 U.S.C. §§1331 and 1337. The Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367(a).

9. This Court has jurisdiction over state law claims asserted here pursuant to the Class Action Fairness Act, 28 U.S.C. §1332(d)(2), and has supplemental jurisdiction over the New York Labor Law claims pursuant to 28 U.S.C. §1367(a), because these claims are so closely related to Plaintiff's federal wage and hour claims that they form parts of the same case or controversy under Article III of the United States Constitution.

10. Venue is proper in the Eastern District of New York pursuant to 28 U.S.C. §§ 1391(b) and (c), because the Defendants conduct business in this District, and the events and omissions giving rise to the claims alleged occurred in this District.

## THE PARTIES

**PLAINTIFF**

11. Plaintiff SAI E ZHUANG is a resident of Queens County, New York. Plaintiff was employed by Defendants from April 1, 2017 to March 2020; and from June 2020 to March 16, 2021.[1]

12. At all times during the term of Plaintiff's employment at Defendants' "Appearance Enhancement" operations, Plaintiff was an employee within the meaning of the FLSA and NYLL. 29 U.S.C. §203(e) and NYLL §651(5). Plaintiff was a worker economically dependent on the business of the Defendants, and her labor was an integral part essential to Defendants' business.

13. At all times relevant to this action, Plaintiff was engaged in commerce because Plaintiff handled, used or otherwise worked on goods or materials that had been moved in or produced for interstate commerce.

**DEFENDANTS**

*Corporate Defendant*

14. Defendant LUCKY NAIL SPA INC. is an active Domestic Business Corporation organized under the laws of the State of New York with a principal address at 266 Atlantic Avenue, East Rockaway, NY 11518.[2] While this is the actual address

---

[1] Due to the Covid-19 pandemic, the work location was closed for a time.

[2] The Division of Corporations of f the NYS Department of State lists this corporation as registered on 12/09/16 (DOS #5050316) under an address of 116 West Montauk Hwy, Lindenhurst, NY 11757. The DOS informs that Defendant is in default of required filing stating a change of address. The incorporator is individual defendant Han Jian Jian. Information on defendant's checking account is also incorrect.

where defendants did business during all relevant times, where bank accounts are listed, and where Plaintiff actually worked, this information is inconsistent with the information registered with the NY State Department of State Division of Corporations.

15. Upon information and belief, LUCKY NAIL SPA INC. is a business engaged in interstate commerce that has gross annual sales in excess of Five Hundred Thousand Dollars ($500,000).

16. Upon information and belief, LUCKY NAIL SPA INC. purchased and handled goods moved in interstate commerce.

17. At all relevant times, defendant LUCKY NAIL SPA INC. has been, and continues to be, an "employer" engaged in interstate commerce and/or the production of goods for commerce within the meaning of the FLSA 29 U.S.C. §§ 206 (a) and 207 (a); 29 C.F.R. § 791.2; as well as the NYLL § 2.

18. At all relevant times, LUCKY NAIL SPA INC. was, and is, an "enterprise engaged in commerce" within the meaning of the FLSA. It has used goods and materials produced in interstate commerce and employed individuals who handled such materials.

*Owner/Operator Individual Defendants*

**1.** **Han Jian Jian**

19. Defendant Han Jian Jian is an owner and principal of Lucky Nail Spa Inc. His address as incorporator (reported to the NY Dept. of State) is 4181 Frame Place, #5A, Flushing, New York 11355.

20. At all relevant times, Defendant Han Jian Jian had the power to hire and fire employees, set wages and schedules, and to maintain their records.

21. Defendant Han Jian Jian was involved in the day-to-day operations of Lucky Nail Spa Inc. and played an active role in managing the business.

22. Defendant Han Jian Jian was duly licensed to practice Cosmetology, and duly licensed to operate an "Appearance Enhancement Business" (which latter license expired on 03/31/2021), which license did not permit him to perform services therein. On information and belief, he did perform such services in contravention of said license.

23. Defendant Han Jian Jian incorporated Lucky Nail Spa Inc. on 12/09/2016 with an address of 116 West Montauk Hwy, Lindenhurst, NY 11757 (DOS #5050316), but then proceeded to run the business at 266 Atlantic Ave., East Rockaway, NY 11518 without duly informing the NY Department of State Division of Corporations.

24. In contravention of his license (#0930695), Defendant Han Jian Jian personally performed unlicensed services at 266 Atlantic Avenue, East Rockaway, NY.

25. Defendant Han Jian Jian hired employees to perform services requiring a license, without regard to whether or not such employees were duly licensed to do so.

26. Upon personal knowledge of Plaintiff, Defendant Han Jian Jian is in charge of all areas of the defendant business, including the hiring and termination of employees at LUCKY NAIL SPA INC., determining their rates of pay, work schedules and work shifts, type of work rendered, and employment policy.

27. Owner/Operator Defendant Han Jian Jian acted intentionally and maliciously and is an employer pursuant to FLSA, 29 U.S.C. 203d, and regulations promulgated thereunder, 29 C.F.R. 791.2, NYLL §2 and regulations thereunder, and is jointly and severally liable with LUCKY NAIL SPA INC. and individual defendants.[3]

---

[3] Co-defendant RongGai Yang is defendant Jian's mother and a conspirator in unlawful acts alleged herein.

### 2. **Ronggai Yang**

28. Owner/Operator RONGGAI YANG is an owner/principal and/or manager of Lucky Nail Spa Inc., doing business at 266 Atlantic Avenue, East Rockaway, NY 11518, without informing NY Dept. State as required.

29. Defendant Ronggai Yang had the power to hire and fire employees, set wages and schedules, and to maintain their records.

30. Defendant Ronggai Yang was involved in the day-to-day operations of Lucky Nail Spa Inc. and played an active role in managing the business.

31. Upon personal knowledge of Plaintiff, Owner/Operator Defendant Ronggai Yang was in charge of all areas of the defendants' business, including the hiring and termination of employees at LUCKY NAIL SPA INC., determining their rates of pay, work schedules and work shifts, type of work rendered, and employment policy.

32. Owner/Operator Defendant Ronggai Yang acted intentionally and maliciously and is an employer pursuant to FLSA, 29 U.S.C. 203d, and regulations promulgated thereunder, 29 C.F.R. 791.2, NYLL §2 and regulations thereunder, and is jointly and severally liable with LUCKY NAIL SPA INC and Han Jian Jian.

33. Upon information and belief, the individual Defendants are officers, directors, managers, and/or owners of the Corporate Defendant, and are individually responsible for unpaid wages. They are "employers" pursuant to FLSA and NYLL, and are jointly and severally liable with LUCKY NAIL SPA INC.

## STATEMENT OF FACTS

34. On April 1, 2017, Defendant LUCKY NAIL SPA INC. employed Plaintiff SAI E ZHUANG as a "General Worker" at its "Appearance Enhancement" operations at 266 Atlantic Avenue, East Rockaway, NY 11518.[4]

35. Plaintiff Sai E Zhuang worked for Defendants until March 16, 2021.[5]

36. During Plaintiff's employment by Defendants, she worked well over forty (40) hours per seek. Plaintiff generally worked six (6) days per week: ten (10) hours per day four (4) days per week; ten and one-half (10 ½) hours two (2) days per week; and occasionally an additional 8 ½ hours on Sundays.

37. Plaintiff was paid a set amount of $1,200.00 in cash. This was thus $276.92 per week [$1,200 x 12 / 52]. She was thus paid $6.92 per hour [$276.92 / 40].

38. Work performed above forty (40) hours per week was not paid at the rate of time and one-half plaintiff's regular rate as require by law.

39. Defendants knowingly and willfully operated their business with a policy of not paying either the FLSA overtime rate or the NY State overtime rate to the Plaintiff for work performed over forty (40) hours in a work week.

40. Upon information and belief, at all relevant times, during the course of Plaintiff's employment, the Defendants failed to maintain accurate wage & time records.

41. Every month, Defendants would pay Plaintiff $1,200.00 in cash. Defendants told Plaintiff that for tax filing purposes, LUCKY NAIL SPA INC. would issue a check in the amount of $368.32, which they did every two weeks. However,

---

[4] While registered as Lucky Nail Spa Inc. on 12/09/2016) with a principal address in Lindenhurst, NY, defendants acquired this business in East Rockaway, NY from Elite Nails & Spa II, Inc. in 2017. Lucky Nail falsely continued to use Elite Nail & Spa's information in payments, notices and W2's issued to Plaintiff.
[5] There was a period of unemployment due to the Covid-19 situation, after which gap Plaintiff returned.

Plaintiff was required to return the amount to Defendants in cash, which she did. In addition, Plaintiff was required to reimburse Defendants in cash for the amount of tax deductions reported to IRS by the Defendants, about $40 bi-weekly.[6] Defendants then fraudulently filed fictitious W2 forms with the IRS indicating amounts of these checks.

42. According to Defendants' fraudulent scheme, Plaintiff was actually paying them for tax deductions which they were claiming in their IRS filings.

43. In or about February, 2021, Defendants Han Jian Jian and Ronggai Yang told Plaintiff that they would no longer issue checks or give her a W2 for the year 2021. Plaintiff told Defendants that she required a W2, which created a conflict between them.

44. At the end of Plaintiff's shift on 03/16/21, Defendants told Plaintiff that she was not needed anymore, and not to bother coming back to work. Defendants demanded Plaintiff sign a blank paper captioned "Voluntary Resignation Note," which defendants would presumably fill in the rest. Plaintiff did not understand, and refused to sign this. Both individual defendants then accosted Plaintiff with verbal abuse, shouted at her. Plaintiff believed the individual defendants were going to strike her. This constituted a civil assault, threatening an imminent battery. On March 16, 2021, Defendant Han Jian Jian told Plaintiff : "Look, you can sue me if you want, OK? I will close this shop and open up another bigger one. You'll crawl between my legs." Plaintiff felt humiliated, intimidated and afraid. Co-defendant Ronggai Yang participated in the assault.

45. According to NY State Dept of State (by direct phone communication), corporate defendant by its individual owners have provided inaccurate information, are in default of legal reporting requirements, and are not in compliance. Therefore, information provided to the Plaintiff as required by our labor laws is inaccurate and non-compliant.

---

[6] Defendants falsely told Plaintiff that she was liable for tax deductions which they made from "paycheck."

46. With respect to federal and state labor laws, the defendants have willfully failed to (1) pay statutory minimum wage; (2) pay overtime compensation; (3) pay spread of hours compensation; (4) keep true employment records; (5) provide Plaintiff with wage statements; (6) provide Plaintiff with meal periods; (7) provide true and accurate records to Plaintiff and to the IRS regarding Plaintiff's employment.

47. Further, Defendants have stolen amounts from Plaintiff's wages for which Defendants are liable, to wit, tax deductions from pay.

## STATEMENT OF CLAIMS

## COUNT I
### [Violation of the Fair Labor Standards Act – Minimum Wage]

48. Plaintiff re-alleges and re-avers each and every allegation and statement contained in paragraphs "1" through "47" of this Complaint as if fully set forth herein.

49. At all relevant times, upon information and belief, Defendants were and continue to be an employer engaged in interstate commerce and/or the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. 206(a) and 207(a). Further, Plaintiff is a covered individual within the meaning of the FLSA.

50. At all relevant times, Defendants employed Plaintiff pursuant to FLSA.

51. Upon information and belief, at all relevant times, Defendants had gross annual revenues in excess of $500,000.00.

52. At all relevant times, Defendants had a policy and practice of refusing to pay the statutory minimum wage to Plaintiff, for all of the hours she worked.

53. The FLSA provides that any employer who violates the provisions of 29 U.S.C. §206 shall be liable to the employees affected in the amount of their unpaid minimum compensation, and in an additional amount as liquidated damages.

54. Defendants knowingly and willfully disregarded the provisions of the FLSA as evidenced by their failure to compensate Plaintiff at the statutory minimum wage when Defendants knew or should have known that such was due and that failing to do so would financially injure the Plaintiff.

## COUNT II
### [Violation of New York Labor Law – Minimum Wage]

55. Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

56. At all relevant times, Plaintiff was employed by Defendants within the meaning of New York Labor Law §§ 2 and 651.

57. At all relevant times, Defendants had a policy and practice of refusing to pay the statutory minimum wage to Plaintiff, for all of the hours which she worked.

58. Defendants knowingly and willfully violated Plaintiff's rights by failing to pay her minimum wages in the lawful amount for hours worked.

59. An employer who fails to pay minimum wage shall be liable, in addition to the amount of any underpayments, for liquidated damages equal to one hundred percent (100%) after April 9, 2011 under NY Wage Theft Prevention Act, and interest.

## COUNT III
### [Violation of the Fair Labor Standards Act – Overtime Wage]

60. Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

61. The FLSA provides that no employer engaged in commerce shall employ a covered employee for a work week longer than forty (40) hours unless such employee receives compensation for employment in excess of forty (40) hours at a rate not less than one and one-half times the regular rate at which he or she is employed, or one and one-half times the minimum wage, whichever is greater. 29 USC §207(a).

62. The FLSA provides that any employer who violates the provisions of 29 U.S.C. §207 shall be liable to the employees affected in the amount of their unpaid overtime compensation, and in an additional equal amount as liquidated damages. 29 USC §216(b).

63. At all relevant times, Defendants had, and continue to have a policy of refusing to pay overtime compensation at the statutory rate of time and one half to Plaintiff for all hours worked in excess of forty (40) hours per workweek, which violated the FLSA 29 U.S.C. §§201, et seq., including 29 U.S.C. §§207(a)(1) and 215(a).

64. The FLSA and supporting regulations requires employers to notify employees of employment law requirements. 29 C.F.R. §516.4.

65. Not only did Defendants willfully fail to notify Plaintiff of the requirements of the employment laws, but gave her false, misleading and incorrect information in order to facilitate their exploitation of Plaintiff's labor and "cook" books.

66. Defendants knowingly and willfully disregarded the provisions of the FLSA as evidenced by their failure to compensate Plaintiff the statutory overtime rate of time and one half for all hours worked in excess of forty (40) per week when they knew that such was due and that failing to do so would financially injure Plaintiff.

## COUNT IV
### [Violation of New York Labor Law – Overtime Wage]

67. Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

68. An employer who fails to pay the minimum wage shall be liable, in addition to the amount of any underpayments, for liquidated damages equal to twenty-five percent (25%) before April 9, 2011 and one hundred percent (100%) under NY Wage Theft Prevention Act, and interest.

69. At all relevant times, Defendants had a policy and practice of refusing to pay the overtime compensation to Plaintiff at one and one half times the hourly rate the Plaintiff is entitled to.

70. Defendant' failure to pay Plaintiffs their overtime pay violated the NYLL.

71. Defendants' failure to properly pay Plaintiff was not in good faith.

## COUNT V
### [Violation of New York Labor Law – Spread of Time Pay]

72. Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

73. The NYLL requires employers to pay an extra hour's pay for every day that an employee works an interval in excess of ten hours pursuant to NYLL §§190, et seq., and §§650, et seq., and New York State Department of Labor regulations §146-1.6.

74. Defendants' failure to pay spread-of-hours pay was not in good faith.

## COUNT VI
### [Violation of New York Labor Law – Failure to Provide Meal Periods]

75. Plaintiff re-alleges all preceding paragraphs as if fully set forth herein.

76. The NYLL requires that employees provide: a noon day meal period of at least thirty (30) minutes for employees who work a shift of more than six hours extending over the noon day meal period from 11 a.m. to 2 p.m.; an additional meal period between 5 p.m. and 7 p.m. of at least twenty (20) minutes for employees whose shift started before 11 a.m. and continues later than 7 p.m.; and/or a forty-five (45) minute meal period at a time midway between the beginning and end of the shift for employees whose shift lasts more than six hours and starts between 1 p m. and 6 a.m. NYLL§ 162.

77. Defendants failed to provide meal periods required by NYLL §162 for every day that Plaintiff worked.

78. Though the Department of Labor commissioner may permit a shorter time to be fixed for meal periods than hereinbefore provided, such permit must be in writing and be kept conspicuously posted in the main entrance of the establishment. No such permit is posted.

79. Defendants' failure to provide the meal periods required by NYLL §162 was not in good faith.

### COUNT VII
### [Violation of New York Labor Law – Record-Keeping Requirements]

80. Plaintiff re-alleges and incorporates by reference all preceding paragraphs.

81. Defendants did not maintain, establish and preserve Plaintiff's weekly payroll records for a period of not less than six years, as required by NYRR § 146-2.1.

82. As a result of Defendants' unlawful conduct, Plaintiff has sustained damages including loss of earning, in an amount to be established at trial, liquidated damages, prejudgment interest, costs and attorneys' fees, pursuant to the state law.

83. Upon information and belief, Defendants failed to maintain adequate and accurate written records of actual hours worked and true wages earned by Plaintiff in order to facilitate their exploitation of Plaintiff's labor.

84. Defendants' failure to maintain adequate and accurate written records of actual hours worked and true wages earned by Plaintiff was not in good faith.

## COUNT VIII
### [Violation of New York Labor Law – Time of Hire Notice Requirement]

85. Plaintiff re-alleges and incorporates by reference all preceding paragraphs.

86. The NYLL and supporting regulations require employers to provide written notice of the rate or rates of pay and the basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as a part of minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of employer's main office or principal place of business as registered, and a mailing address if different; and the telephone number of the employer. NYLL §195-1(a).

87. Defendants intentionally failed to provide notice to Plaintiff in violation of NYLL § 195, which requires all employers to provide written notice in the employee's primary language about the terms and conditions of employment related to rate of pay, regular pay cycle and rate of overtime on their or her first day of employment.

88. Defendants not only did not provide notice to Plaintiff at Time of Hire, but failed to provide any compliant notice to Plaintiff even after the fact.

89. Due to Defendants' violations of New York Labor Law, Plaintiff is entitled to recover from Defendants $50 for each workday that the violation occurred or

continued to occur, up to $5,000, together with costs and attorneys' fees pursuant to the New York Labor Law §198(1-b).

## COUNT IX
### [Violation of New York Labor Law – New York Pay Stub Requirement]

90. Plaintiff re-alleges and incorporates by reference all preceding paragraphs.

91. The NYLL and supporting regulations require employers to provide detailed paystub information to employees every payday. NYLL §195-1(d).

92. Defendants have failed to make a good faith effort to comply with the New York Labor Law with respect to compensation of Plaintiff, and did not provide the paystub on or after each Plaintiffs' payday.

93. Due to Defendants' violations of New York Labor Law, the Plaintiff is entitled to recover from Defendants, jointly and severally, $250 for each workday of the violation, up to $5,000, together with costs and attorneys' fees pursuant to New York Labor Law. N.Y. Lab. Law §198(1-d).

## COUNT X
### [Civil Damages for Fraudulent Filing of IRS Returns – Violations of 26 USC §7434]

94. Plaintiff re-alleges and incorporates by reference all preceding paragraphs.

95. 26 USC §7434 provides that if any person willfully files a fraudulent information return with respect to payments purported to be made to any other person, such other person may bring a civil action for damages against person filing such return.

96. Due to Defendants' violations of 26 USC §7434, Plaintiff is entitled to recover from Defendants: (1) actual damages sustained proximate result of filing of the fraudulent information return, (2) the cost of the action, and (3) in the court's discretion, reasonable attorneys' fees related thereto.

# COUNT XI
# [Violation of New York Labor Law – Prohibited Retaliation]

97. Plaintiff re-alleges and incorporates by reference all preceding paragraphs.

98. Pursuant to New York Labor Law § 215 (1) (a):

> "No employer or his or her agent, or the officer or agent of any Corporation . . . shall discharge, threaten, penalize or in any way Discriminate or retaliate against any employee (1) because such Employee has made a complaint to his or her employer . . . that the Employer has engaged in conduct that the employee, reasonably and in good faith, believes violates any provision of this chapter . . . (iii) because such employee . . . is about to institute a proceeding under or related to this chapter . . . or (vi) because such employee has otherwise exercised rights protected under this chapter . . .
> (2) (a) An employee may bring a civil action in a court of competent Jurisdiction against any employer or persons alleged to have violated the Provisions of this section, within two years after such violation, regardless of the dates of employment, and to order all appropriate relief, including enjoining the conduct of any person or employer; ordering payment of liquidated damages, costs and reasonable attorneys' fees to the employee by the person or entity n violation . . . ."

99. As alleged herein, in or about March 2021, Plaintiff personally protested to the named Defendants that she required a W2 from defendants for the year 2021, after Defendants told her that they would no longer provide a W2 because they were working on a cash basis and that doing so conflicted with their planned tax reporting.

100. On March 16, 2021, following Plaintiff's demand that Defendants comply with the laws and permit Plaintiff to file her income taxes with a W2 for her wages, and following Plaintiff's refusal to sign a "voluntary resignation," Defendants accosted Plaintiff with verbal abuse, threatened physical harm, and told her that she was immediately fired for her refusal to comply with Defendants' unlawful scheme.

101. Defendant was fired because she complained to Defendant employers about employers' conduct which plaintiff in good faith believed was unlawful.

# **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that this Court enter a judgment providing the following relief:

a) A declaratory judgment that the practices complained of herein are unlawful under the Fair Labor Standards Act and New York Labor Law;

b) An injunction against the Corporate Defendant, its officers, agents, successors, employees, representatives and any and all persons acting in concert with them as provided by law, from engaging in each of the unlawful practices and policies set forth herein;

c) An award of unpaid minimum wage and overtime wages due to Plaintiff under the FLSA and NYLL;

d) An award of liquidated and/or punitive damages as a result of Defendants' knowing and willful failure to pay wages at least the hourly minimum wage and overtime compensation pursuant to 29 U.S.C. § 216.

e) Up to five thousand dollars ($5,000) for Defendants' failure to provide a Time of Hire Notice as required by law;

f) Up to five thousand dollars ($5,000) for Defendants' failure to provide a paystub on each pay day that lists *inter alia,* employee's name, employer's name, employer's address and telephone number, employee's rate or rates of pay, any deductions made from employee's wages, any allowances claimed as part of the minimum wage, and the employee's gross and net wages;

g) An award of liquidated and/or punitive damages as a result of Defendants' willful failure to pay minimum wage, overtime compensation, and "spread of hours" premium pursuant to the New York Labor Law;

h) An award of costs and expenses of this action together with reasonable attorneys' fees pursuant to 29 U.S.C. 216(b) and NYLL 198 and 663;

i) An award of prejudgment and post-judgment fees;

j) Providing that if any amounts remain unpaid upon the expiration of ninety (90) days following the issuance of judgment, or ninety (90) days after expiration of the time to appeal and no appeal is then pending, whichever is later, the total amount of judgment shall automatically increase by fifteen percent (15%), as required by NYLL 1984(4); and

k) Such other and further legal and equitable relief as this Court deems necessary, just and proper.

Dated: November 30, 2021

        LAW OFFICE OF RICARDO R. MOREL, ESQ.
        *Attorney for Plaintiff*

        /s/ Ricardo R. Morel
        Ricardo R. Morel, Esq. (RM2693)
        3915 Main Street – Suite 318
        Flushing, NY 11354
        (424) 362-8960
        Email: esquire1998@gmail.com