UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

------------------------------------------------------------- x

SAI E. ZHUANG,                                  :
                                                :
                          Plaintiff,            :
                                                :          MEMORANDUM AND
          -against-                             :          ORDER
                                                :
                                                :          No. 21-CV-6658-JRC
LUCKY NAIL SPA INC., HAN JIAN JIAN, and         :
RONGGAI YANG,                                   :
                                                :
                          Defendants.           :
                                                :

------------------------------------------------------------- x

JAMES R. CHO, United States Magistrate Judge:

On November 30, 2021, plaintiff Sai E. Zhuang ("plaintiff") commenced this action

against defendants Lucky Nail Spa Inc., Han Jian Jian and Ronggai Yang ("defendants") alleging

claims for failure to pay minimum wage and overtime in violation of the Fair Labor Standards

Act ("FLSA"), 29 U.S.C. §§ 201 *et seq.*, and the New York Labor Law ("NYLL") § 650 *et seq.*

*See generally* Compl., Dkt. 1.   On February 27, 2026, plaintiff moved for leave to file an

amended complaint to add as a defendant Sun Nails Beauty Spa Inc.   *See* Pl. Motion to Amend

("Mot. to Amend"), Dkt. 85.   For the following reasons, the Court denies plaintiff's motion to

amend.

### Discussion

Where, as here, a motion to amend is filed beyond the deadline set by the court, under

Rule 16 of the Federal Rules of Civil Procedure (the "FRCP"), the court must first address

whether the party seeking to amend has shown "good cause" for modifying that scheduling

order.   *See* Fed. R. Civ. P. 16(b)(4); *Kassner v. 2nd Ave. Delicatessen Inc.*, 496 F.3d 229, 243-

44 (2d Cir. 2007); *accord Gullo v. City of N.Y.*, 540 F. App'x 45, 46-47 (2d Cir. 2013) (affirming

denial of untimely motion to amend).   Rule 16 allows a party to obtain a modification of a scheduling order "only for good cause and with the judge's consent."   Fed. R. Civ. P. 16(b)(4).   If the party seeking the amendment satisfies the "good cause" standard of Rule 16, the court then determines whether the movant has also met the liberal standards of Rule 15 of the FRCP.   *See Kassner*, 496 F.3d at 244.

It is the movant's burden to establish good cause under Rule 16.   *See Parker v. Columbia Pictures Indus.*, 204 F.3d 326, 340 (2d Cir. 2000). "Whether good cause exists turns on the diligence of the moving party."   *Holmes v. Grubman*, 568 F.3d 329, 335 (2d Cir. 2009) (internal quotations and citations omitted).   If plaintiff was previously aware of the facts underlying her proposed claims, it is well established that she has not demonstrated "good cause" under Rule 16(b).   *See Parker*, 204 F.3d at 340–41.   Although diligence is the primary focus of a "good cause" analysis, a court may, in its discretion, also consider other factors, such as whether "allowing the amendment of the pleading at this stage of the litigation will prejudice defendants."   *Kassner*, 496 F.3d at 244.

Plaintiff moves to add as a defendant Sun Nails Beauty Spa Inc. under a theory that it is the successor to defendant Lucky Nail Spa Inc.   The deadline to amend the pleadings in this case was November 22, 2022.   *See* Min. Entry dated 11/16/2022.   Plaintiff argues that discovery has "revealed indicia of continuity, including operational overlap, timing, and functional identity of the business."   Pl. Reply at 2, Dkt. 91.   However, plaintiff does not describe what facts were discovered that transformed her previous knowledge of defendants' operation of Sun Nails Beauty Spa Inc. into a basis for successor liability.   On the other hand, re-opening discovery to allegations of successor liability at this late juncture would unnecessarily prolong the proceedings almost five years into the case.

In addition, leave to amend may be denied based on futility where the proposed amendment would not survive a motion to dismiss. *See Lucente v. IBM Corp.*, 310 F.3d 243, 258 (2d Cir. 2002). In determining whether a defendant may be held liable for a previous employer's labor law violations, courts have analyzed FLSA claims under a "substantial continuity" test and NYLL claims under a New York common law standard. *See Nguyen v. Pho Vietnam 87 Corp.*, No. 23-CV-4298, 2025 WL 564546, at *6 (S.D.N.Y. Jan. 31, 2025), *report and recommendation adopted*, 2025 WL 564546 (S.D.N.Y. Jan. 31, 2025). "The substantial continuity test focuses on whether the new company has acquired substantial assets of its predecessor and continued, without interruption or substantial change, the predecessor's business operations." *Chen v. DG & S NY, Inc.,* 406 F. Supp. 3d 216, 223 (E.D.N.Y. 2016) (internal quotation marks and citation omitted). Under the common law test applicable to NYLL claims, "a business buyer is liable for the seller's debts only when "(1) a buyer . . . formally assumes a seller's debts; (2) [the] transactions [are] undertaken to defraud creditors; (3) a buyer . . . de facto merged with a seller, [or] (4) a buyer . . . is a mere continuation of the seller." *Ngyuen*, 2025 WL 564546, at *6.

Here, plaintiff has not alleged that Sun Nails Beauty Spa Inc. acquired the business or assets of Lucky Nail Spa Inc., a prerequisite under either test. In fact, plaintiff alleges nothing more than that the individual defendants sold Lucky Nail Spa Inc. and opened a different nail salon at a different location. Plaintiff has not alleged whether Sun Nails Beauty Spa Inc. uses the same or substantially the same work force; whether it uses the same or substantially the same supervisory personnel; whether the same jobs exist under substantially the same working conditions; or whether it uses the same machinery and equipment as Lucky Nail Spa Inc. In

3

sum, plaintiff's allegations of successor liability are too conclusory to survive a motion to dismiss.

Plaintiff is not without a remedy in the event she could not collect a potential judgment from Lucky Nail Spa Inc.   For example, plaintiff could later bring a claim to enforce a judgment against Lucky Nail Spa Inc. by seeking to pierce the corporate veil against Sun Nails Beauty Spa Inc.   *See, e.g., Anhui Aido Garment Co., Ltd. v. Stern*, No. 24-CV-1572, 2025 WL 1663860, at *3-4 (S.D.N.Y. June 12, 2025).

## Conclusion

For the reasons stated above, the Court denies plaintiff's motion to amend.

**SO ORDERED.**

Dated:   Brooklyn, New York
April 28, 2026

s/ James R. Cho
James R. Cho
United States Magistrate Judge

4